# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

UNITED STATES OF AMERICA,     )
                                 )
Plaintiff/Respondent,     )
                                 )
vs.                               )   NO. 2:13-cr-81
                               )       2:16-cv-395
STEVEN BORCHERT,          )
                               )
Defendant/Petitioner.    )

## <u>OPINION AND ORDER</u>

This matter is before the Court on the "Motion to Alter Judgment Under Fed. R. Civ. P. 59(e)," filed by Petitioner, Steven Borchert, on February 8, 2017 (DE #96). For the reasons set forth below, the motion (DE #96) is **DISMISSED FOR LACK OF JURISDICTION**.

<u>BACKGROUND</u>

On January 31, 2017, this Court entered an opinion and order denying Borchert's motion under 28 U.S.C. § 2255, and declining to issue a certificate of appealability. (DE #94.) In the current motion to alter judgment under Federal Rule of Civil Procedure 59(e), Borchert rehashes the argument that he already made that he did not file false tax returns because the IRS has not assessed any tax due and owing.

DISCUSSION

Borchert's motion was filed within the 28-day window of Rule
59(e). Fed. R. Civ. P. 59(e). To prevail on a motion to alter or
amend judgment under Rule 59(e), the movant "must 'clearly
establish' (1) that the court committed a manifest error of law or
fact, or (2) that newly discovered evidence precluded entry of
judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d
587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*,
433 F.3d 542, 546 (7th Cir. 2006)). "A losing party's
disappointment with a ruling does not equate to manifest error, and
Rule 59(e) may not be used to rehash previously rejected
arguments." *Taylor v. United States*, No. 15-cv-1087-MJR, 2017 WL
283379, at *2 (Jan. 23, 2017). Manifest error requires "wholesale
disregard, misapplication, or failure to recognize controlling
precedent" by the court. *Burritt v. Ditlefsen*, 807 F.3d 239, 253
(7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601,
606 (7th Cir. 2000)).

Borchert has not presented any newly discovered evidence or
pointed to any manifest error of law or fact. He merely rehashes
arguments he already made in his section 2255 petition. For
example, Borchert currently claims the "IRS Account Transcripts
show there is no tax due and owing" so this Court's decision was
incorrect because tax assessments have not yet been made. (DE #96
at 1.) However, Borchert made the same argument in his section

2255 reply brief, citing the IRS audit evidence and arguing there were "no assessments" due for any of the years that Borchert was found guilty of filing false tax returns. (DE #88 at 2-4.) This Court directly addressed this argument, and specifically rejected Borchert's argument that the documents he attached to his motion and supplements showed that his tax loss was zero. (DE #94 at 7.) The Court went through the IRS audit documents, which showed that the IRS audit mirrored the Court's finding of a tax loss of $524,445 for the years 2001-2009. (*Id.*) The Court specifically found that Borchert misunderstood the documentation he submitted, and it did not show that his tax returns were truthful. (*Id.* at 7-8.)

This Court found that Borchert's section 2255 motion was untimely, it was procedurally defaulted, and any claim that the tax loss was miscalculated did not involve a constitutional error. (DE #94.) Borchert has not presented any newly discovered evidence to change this conclusion, or any manifest error in this Court's ruling.

Borchert's current motion therefore consists of a merit-based attack on this Court's previous finding. Therefore, Borchert's motion to alter the judgment under Rule 59(e) is an unauthorized successive motion within the meaning of section 2255, and the Court has no jurisdiction to consider its merits. *See, e.g., Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012); *Curry v. United*

*States*, 307 F.3d 664, 666 (7th Cir. 2002); *Choiniere v. United States*, Nos. 3:07-cv-27 RM; 3:05-CR-56, 2009 WL 424768, at *1 (N.D. Ind. Feb. 18, 2009); *Collins v. United States*, No. 98-cv-156-WDS, 2011 WL 4007581, at *3 (S.D. Ill. Sept. 8, 2011); *Corbin v. Indiana*, No. 1:10-cv-886-TWP-TAB, 2010 WL 3119631, at *3-4 (S.D. Ind. Aug. 5, 2010).

CONCLUSION

For the reasons set forth above, the "Motion to Alter Judgment Under Fed. R. Civ. P. 59(e)," filed by Petitioner, Steven Borchert, on February 8, 2017 (DE #96), is **DISMISSED FOR LACK OF JURISDICTION**.

DATED: March 7, 2017                    /s/ RUDY LOZANO, Judge
                                        United States District Court